2005-NMCA-092

116 P.3d 852

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Ernesto FLORES, Defendant–Appellant.**

**No. 24,564.**

Court of Appeals of New Mexico.

May 19, 2005.

Patricia A. Madrid, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, for Appellee.

John Bigelow, Chief Public Defender, Cynthia S. Sully, Assistant Appellate Defender, Santa Fe, for Appellant.

*OPINION*

KENNEDY, J.

{1}   Defendant Ernesto Flores appeals the classification of his sentence as a serious violent offense under the Earned Meritorious Deductions Act, NMSA 1978, § 33–2–

34(A)(1), (L)(4) (2004) (EMDA). Among other offenses, Defendant pleaded guilty as an accessory to shooting at or from a motor vehicle under NMSA 1978, § 30–3–8(B) (1993). This offense is one of those enumerated in the EMDA as a "serious violent offense." *See* § 33–2–34(L)(4)(j). The district court applied the EMDA to this offense, and Defendant appealed.

{2} Defendant argues that the EMDA applies only to principals and not accessories. We disagree. We hold that there is no distinction in the EMDA between convictions as principals or accessories, and we may not read language into the statute to create one. Therefore, the EMDA classification of serious violent offenses is equally applicable to both principals and accessories. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

{3} On June 1, 2003, shots were fired from the vehicle that Defendant was driving. Defendant was stopped after evading pursuit. Defendant's passengers admitted shooting at another vehicle. On November 14, 2003, Defendant pleaded guilty to violating Section 30–3–8 (among other offenses not at issue in this appeal) under an accessory theory, agreeing that he "did unlawfully and intentionally help, encourage, or cause" both of his passengers to shoot at the other vehicle. He also conceded that he intended this crime to be committed and that he helped his passengers commit the crime.

{4} At sentencing, the State asked that Section 33–2–34(L)(4) of the EMDA be applied to this count as a serious violent offense. The district court applied the statute so that Defendant could not earn credits for good time against 85% of his sentence. Defendant appeals, arguing that because he was convicted as an accessory, and not a principal, to a serious violent offense enumerated in Section 33–2–34(L)(4), the EMDA does not apply.

**DISCUSSION**

{5} Under Section 33–2–34(A), prisoners can earn meritorious deductions. The deductions available for those who commit serious violent offenses as enumerated in Section 33–2–34(L)(4) is a maximum of four days per month. Section 33–2–34(A)(1). If Defendant's offense had not been classified as a serious violent offense, he would therefore be eligible for a greater number of meritorious deductions. *See* § 33–2–34(A)(2).

{6} Defendant argues that being an accessory, and not a principal, to a shooting at or from a motor vehicle exempts him from the application of Section 33–2–34(A)(1). He argues that the crime of being an accessory to one of the EMDA's enumerated serious violent offenses is not specifically described in the EMDA, and therefore cannot be subject to it. He claims that because the legislature did not specifically include accessories in its definition of serious violent offenses, the definition only contemplates principals. *See* § 33–2–34(L)(4). Defendant asserts that the legislature only meant to punish highly egregious conduct, and that even if accessories are punished to the same extent as principals, the less egregious conduct of accessories warrants an exception. These arguments present questions of law which we analyze de novo. *See State v. Bennett*, 2003–NMCA–147, ¶ 4, 134 N.M. 705, 82 P.3d 72.

{7} In New Mexico, a defendant "who aids or abets in the commission of a crime is equally culpable as the principal." *State v. Carrasco*, 1997–NMSC–047, ¶ 6, 124 N.M. 64, 946 P.2d 1075; *see also* NMSA 1978, § 30–1–13 (1972) (defining the theory of accessory liability). Accessories and principals are punished equally under the law. *See Carrasco*, 1997–NMSC–047, ¶ 6, 124 N.M. 64, 946 P.2d 1075. Accessory liability is merely a different theory of liability, but "is not a distinct offense." *Id.* Accessories are therefore not convicted of a separate crime, but of the crime itself. *See id.* Here, Defendant was convicted for violating Section 30–3–8 as an accessory to the crime. The crime is one enumerated in Section 33–2–34(L)(4)(j). We hold that the fact that he pleaded guilty as an accessory and not a principal is irrelevant for purposes of the EMDA.

{8} Defendant is laboring under a misconception in arguing that the legislature did not intend to include accessory liability

under the EMDA. "We presume that the legislature knows the law when enacting a statute." *Bennett,* 2003–NMCA–147, ¶ 11, 134 N.M. 705, 82 P.3d 72. We therefore believe that the legislature knew that accessory and principal liability are not distinct crimes and are punished equally under the law. *See Carrasco,* 1997–NMSC–047, ¶ 6, 124 N.M. 64, 946 P.2d 1075. Furthermore, we will not read language into a statute when it makes sense as written. *State v. Herrera,* 2001–NMCA–073, ¶ 10, 131 N.M. 22, 33 P.3d 22.

{9} Defendant's reliance on *Bennett* and *State v. McDonald,* 2004–NMSC–033, 136 N.M. 417, 99 P.3d 667, is misplaced. Both of those cases emphasized that the crimes of which the defendants were convicted were not specifically enumerated in the EMDA. *Bennett,* 2003–NMCA–147, ¶¶ 4–13, 134 N.M. 705, 82 P.3d 72 (holding that battery on a household member is not an enumerated offense under the EMDA); *McDonald,* 2004–NMSC–033, ¶¶ 20–23, 136 N.M. 417, 99 P.3d 667 (holding that conspiracy is not an enumerated offense under the EMDA). Defendant's question ends here; shooting at or from a motor vehicle *is* specifically enumerated in the EMDA. *See* § 33–2–34(L)(4)(j). *McDonald* also emphasized the separateness of conspiracy and the underlying crime conspired to, saying that the legislature had "evinced its intent to treat the crime of conspiracy differently when it decided that conspiracy is to be punished less harshly than the underlying offense." 2004–NMSC–033, ¶ 22, 136 N.M. 417, 99 P.3d 667. Such is not the case here. We therefore affirm the district court and hold that when a defendant is convicted of an offense enumerated in Section 33–2–34(L)(4), he or she, whether principal or accessory, may be treated accordingly under Section 33–2–34(A)(1).

## CONCLUSION

{10} We affirm.

{11} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and IRA ROBINSON, Judges.